UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KEVIN PETER WARD and JENNIFER
NAMCHI VU, individually and on behalf of all
others similarly situated ,

        Plaintiffs,

vs.

LOANDEPOT.COM, LLC.,

        Defendant
_____/

Case No. 6:15-CV-00336-CEM-KRS

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSE
TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Defendant loanDepot.com, LLC, ("loanDepot"), by and through undersigned counsel, hereby files this answer and affirmative defenses in response to Plaintiffs' First Amended Class Action Complaint [DE 17].

**INTRODUCTION**

1.    In response to the allegations in Paragraph 1 of the Complaint, Defendant admits that it is a Limited Liability Company that engages in mortgage lending. Defendant also admits that its business model sometimes includes the use of telephone calls. All other allegations are denied.

2.    Defendant denies the allegations in Paragraph 2 of the Complaint.

3.    Defendant denies the allegations in Paragraph 3 of the Complaint.

4.    In response to the allegations in Paragraph 4 of the Complaint, Defendant admits that Plaintiffs have filed this lawsuit and have alleged violations of the Telephone Consumer Protection Act ("TCPA"). Defendant denies that it violated the TCPA. Defendant denies it is

liable to Plaintiffs or any putative class member. Defendant denies that any class exists or that any class should be certified. All other allegations are denied.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendant admits that Plaintiffs have filed this lawsuit and have alleged violations of the TCPA. Defendant denies that it violated the TCPA. Defendant denies it is liable to Plaintiffs or any putative class member. Defendant denies that any class exists or that any class should be certified. All other allegations are denied.

6. Defendant denies the allegations in Paragraph 6 of the Complaint.

## PARTIES

7. The allegations in Paragraph 7 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

8. The allegations in Paragraph 8 of the Complaint state a legal conclusion for which no response is required. To the extent a response is required, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

9. Defendant admits the allegations in Paragraph 9 of the complaint.

10. In response to Paragraph 10, Defendant admits that Plaintiffs attempt to modify and expand the language of the complaint beyond its normal meanings. Defendant denies that such a modifying definition is appropriate or controlling. Defendant denies all other allegations.

## JURISDICTION & VENUE

11. Defendant admits that this Court has subject matter jurisdiction because Plaintiffs have alleged a cause of action under the TCPA. Defendant denies it is liable to Plaintiffs or any putative class member. Defendant denies that any class exists or that any class should be certified. All other allegations are denied.

12. Defendant denies the allegations in Paragraph 12 of the complaint.

13. In response to the allegations in Paragraph 13 of the complaint, Defendant admits it maintains a business office within this district and further admits it is licensed as a mortgage lender in the state of Florida. All other allegations are denied.

## **LEGAL BASIS FOR CLAIMS**

14. In response to the allegations in Paragraph 14 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

15. In response to the allegations in Paragraph 15 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

16. In response to the allegations in Paragraph 16 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

17. In response to the allegations in Paragraph 17 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its

15081249v1 0974547

contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

18. In response to the allegations in Paragraph 18 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced rules and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

19. In response to the allegations in Paragraph 19 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

## COMMON FACTUAL ALLEGATIONS

20. In response to Paragraph 20, Defendant admits it is a company that offers mortgage lending opportunities.

21. In response to Paragraph 21, Defendant admits that its business model sometimes includes the use of telephone calls. All other allegations are denied.

22. In response to Paragraph 22, Defendant admits that it sometimes purchases leads regarding interested consumers. All other allegations are denied.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

## FACTUAL BACKGROUND AS TO PLAINTIFF WARD

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

15081249v1 0974547

27. In response to the allegations in Paragraph 27, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. In response to the allegations in Paragraph 32, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

33. In response to the allegations in Paragraph 33, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. In response to the allegations in Paragraph 35, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

36. In response to the allegations in Paragraph 36, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. In response to the allegations in Paragraph 38, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. In response to the allegations in Paragraph 40, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

41. In response to the allegations in Paragraph 41, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

15081249v1 0974547

42. In response to the allegations in Paragraph 42 Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

43. In response to the allegations in Paragraph 43, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

44. In response to the allegations in Paragraph 44, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

45. In response to the allegations in Paragraph 45, Defendant is without sufficient as to what Plaintiff Ward believed, and therefore denies the allegations therein.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. In response to the allegations in Paragraph 48, Defendant is without sufficient knowledge as to what Plaintiff understood, and therefore denies the same.

49. In response to the allegations in Paragraph 49, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

50. In response to the allegations in Paragraph 50, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

51. In response to the allegations in Paragraph 51, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

52. In response to the allegations in Paragraph 52, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

53. In response to the allegations in Paragraph 53, Defendant is without sufficient information to respond to the allegations as it pertains to all of the calls alleged. Defendant

Case 6:15-cv-00336-CEM-KRS   Document 24   Filed 06/29/15   Page 7 of 19 PageID 108

Case No. 6:15-CV-00336-CEM-KRS

admits that any calls it made to Plaintiff were not for an emergency purpose. All other allegations are denied.

54. In response to the allegations in Paragraph 54, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, Defendant admits that Plaintiff is attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 57 of the Complaint.

58. In response to Paragraph 58 of the Complaint, Defendant admits that Plaintiff is attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 58 of the Complaint. Furthermore, Defendant denies that attorney's fees are available under the TCPA.

## FACTS SPECIFIC TO PLAINTIFF JENNIFER VU

59. In response to the allegations in Paragraph 59, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

60. In response to the allegations in Paragraph 60, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

61. In response to the allegations in Paragraph 61, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

15081249v1 0974547

63. In response to the allegations in Paragraph 63, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

64. In response to the allegations in Paragraph 64, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

65. In response to the allegations in Paragraph 65, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

66. In response to the allegations in Paragraph 66, Defendant is without sufficient information to respond to the allegations, and therefore denies the same. Defendant admits that the number is associated with Defendant. All other allegations are denied.

67. In response to the allegations in Paragraph 67, Defendant is without sufficient information to respond to the allegations, and therefore denies the same. Defendant admits that the number is associated with Defendant. All other allegations are denied.

68. In response to the allegations in Paragraph 68, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

69. In response to the allegations in Paragraph 69, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

70. In response to the allegations in Paragraph 70, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

71. In response to the allegations in Paragraph 71, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

72. In response to the allegations in Paragraph 72, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

73. In response to the allegations in Paragraph 73, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

74. In response to the allegations in Paragraph 74, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

75. In response to the allegations in Paragraph 75, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

76. In response to the allegations in Paragraph 76, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

77. In response to the allegations in Paragraph 77, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

78. In response to the allegations in Paragraph 78, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. In response to the allegations in Paragraph 81, Defendant denies it was attempting to contact Jennifer Namchi Vu. All other allegations are denied.

82. In response to the allegations in Paragraph 82, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

83. In response to the allegations in Paragraph 83, Defendant is without sufficient information to respond to the allegations, and therefore denies the same.

84. In response to the allegations in Paragraph 84, Defendant is without sufficient information to respond to the allegations as it pertains to all of the calls alleged. Defendant

admits that any calls it made to Plaintiff were not for an emergency purpose. All other allegations are denied.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. In response to the allegations in Paragraph 87, Defendant is without sufficient information to respond to the allegations as it pertains to all of the calls alleged. All other allegations are denied.

88. In response to the allegations in Paragraph 88, Defendant is without sufficient information to respond to the allegations as it pertains to all of the calls alleged. All other allegations are denied.

89. In response to Paragraph 89 of the Complaint, Defendant admits that Plaintiff is attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 89 of the Complaint

90. In response to Paragraph 90 of the Complaint, Defendant admits that Plaintiff is attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 90 of the Complaint. Furthermore, Defendant denies that attorney's fees are available under the TCPA.

## CLASS ACTION ALLEGATIONS

91. In response to Paragraph 91 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 91 of the Complaint.

15081249v1 0974547

92. In response to Paragraph 92 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 92 of the Complaint.

93. In response to Paragraph 93 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 93 of the Complaint.

94. In response to Paragraph 94 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 94 of the Complaint.

95. In response to Paragraph 95 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 95 of the Complaint.

96. In response to Paragraph 96 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 96 of the Complaint.

97. In response to Paragraph 97 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists

15081249v1 0974547

or that any class should be certified, and therefore, denies the allegations contained in Paragraph 97 of the Complaint.

98. In response to Paragraph 98 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 98 of the Complaint.

99. In response to Paragraph 99 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 99 of the Complaint.

100. In response to Paragraph 100 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 100 of the Complaint.

101. In response to Paragraph 101 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 101 of the Complaint.

102. In response to Paragraph 102 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 102 of the Complaint.

103. In response to Paragraph 103 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 103 of the Complaint.

104. In response to Paragraph 104 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 104 of the Complaint.

105. In response to Paragraph 105 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 105 of the Complaint.

106. In response to Paragraph 106 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 106 of the Complaint.

107. In response to Paragraph 107 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 107 of the Complaint.

108. In response to Paragraph 108 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class

15081249v1 0974547

exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 108 of the Complaint.

109. In response to Paragraph 109 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 109 of the Complaint.

110. In response to Paragraph 110 of the Complaint, Defendant admits that Plaintiffs are attempting to file this claim on behalf of a putative class. Defendant denies that any class exists or that any class should be certified, and therefore, denies the allegations contained in Paragraph 110 of the Complaint.

### FIRST CAUSE OF ACTION- TCPA "ROBOCALL CLAIM"

111. In response to the allegations in Paragraph 111 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the foregoing responses to the Complaint.

112. Defendant denies the allegations in Paragraph 112 of the Complaint.

113. Defendant denies the allegations in Paragraph 113 of the Complaint.

114. Defendant denies the allegations in Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations in Paragraph 116 of the Complaint.

117. Defendant denies the allegations in Paragraph 117 of the Complaint.

### SECOND CAUSE OF ACTION- TCPA "DNC CLAIM"

118. In response to the allegations in Paragraph 118 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the foregoing responses to the Complaint.

119. In response to the allegations in Paragraph 119 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

120. In response to the allegations in Paragraph 120 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

121. In response to the allegations in Paragraph 121 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

122. In response to the allegations in Paragraph 122 of the Complaint, Plaintiffs' reference to the TCPA or legal analysis and case law is not a fact that requires a response, but rather a legal conclusion, and the referenced statute and case law is the best evidence of its contents. Defendant denies that it violated the TCPA, and denies that it is liable to Plaintiffs or any putative class member. All other allegations are denied.

123. Defendant denies the allegations in Paragraph 123 of the Complaint.

124. Defendant denies the allegations in Paragraph 124 of the Complaint.

125. Defendant denies the allegations in Paragraph 125 of the Complaint.

126. Defendant denies the allegations in Paragraph 126 of the Complaint.

127. Defendant denies the allegations in Paragraph 127 of the Complaint.

## ATTORNEYS FEES

128. In response to the allegations in Paragraph 128 of the Complaint, Defendant repeats and re-alleges each and every answer given in response to the allegations contained in the foregoing responses to the Complaint.

129. Defendant denies the allegations in Paragraph 129 of the Complaint. It is well settled that the TCPA does not provide for attorney's fees. *See e.g. Bauer v. Midland Credit Mgmt., Inc.*, 8:12-CV-614-T-23TGW, 2012 WL 6733649, at *5 (M.D. Fla. 2012) *report and recommendation adopted*, 8:12-CV-614-T-23TGW, 2012 WL 6733021 (M.D. Fla. 2012)(" TCPA claims … lack a fee-shifting provision").

## JURY DEMAND

130. In response to Paragraph 130, Defendant admits that Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

131. Defendant denies that Plaintiffs are entitled to the relief sought in the Prayer for Relief Clause.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims and those of the putative class members are barred or diminished due to the failure to mitigate damages.

2. Plaintiffs' claims and those of the putative class members are barred in whole or in part by the applicable statute of limitations.

3. The damages alleged by Plaintiffs may have been the result of superseding and/or intervening cause(s).

15081249v1 0974547

4. Although it is Plaintiffs' burden, to the extent the court determines otherwise, Defendant alleges Plaintiffs' TCPA claims on behalf of himself and the putative class are barred if prior express consent was provided to be called on their telephone numbers by providing the number to this Defendant or the persons and entities upon whose behalf calls were made. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752 (1992).

5. Defendant states that if it violated the TCPA, which it denies, Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the TCPA.

6. Plaintiffs and putative class members lack standing to assert the claims set forth in the Complaint, in whole or in part, including if they are not the subscribers to the telephone accounts called.

7. Plaintiffs' and the putative class members' claims against Defendant are barred, in whole or in part, by the doctrines of laches.

8. Plaintiffs' and the putative class members' claims against Defendant are barred, in whole or in part, by the doctrines of waiver, ratification and estoppel.

9. Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs and putative class members have not suffered actual damages due to any alleged violations of the TCPA by Defendant.

10. Plaintiffs and the putative class members' claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, release, collateral estoppel, and res judicata.

11. Plaintiffs lack standing because there is not a live case or controversy under Article III of the U.S. Constitution.

12. Plaintiffs' and putative class members' purported claims for equitable relief are barred or diminished because an adequate legal remedy exists.

13. Plaintiffs' and putative class members' purported claims are subject to a mandatory, binding arbitration clause.

14. Defendant reserves the right to assert other defenses as discovery proceeds.

15. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

WHEREFORE, Defendant respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant loanDepot.com, LLC.

15081249v1 0974547

Case No. 6:15-CV-00336-CEM-KRS

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Benjamin H. Crumley, Esq.<br>Crumley & Wolfe, PA<br>2254 Riverside Avenue<br>Jacksonville, FL  32204<br>Tel:  904-374-0111<br>Fax:  904-374-0113<br>Attorneys for Plaintiffs | W. Craft Hughes, Esq.<br>Jarrett L. Ellzey<br>Hughes Ellzey LLP<br>2700 Post Oak Boulevard<br>Suite 1120 - Galleria Tower I<br>Houston, TX  77056<br>Tel:  713-554-2377<br>Fax: 888-995-3335<br>craft@hughesellzey.com<br>Jarrett@hughesellzey.com<br>Attorneys for Plaintiffs (*pro hac vice*) |

*s/ Barbara Fernandez*
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile:  305-577-1063
Attorneys for Defendant loanDepot.com, LLC.